**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Kenneth HOON, Defendant–Appellant.**

**No. 14–8027.**

United States Court of Appeals, Tenth Circuit.

Aug. 12, 2014.

David A. Kubichek, Esq., Office of the United States Attorney, Casper, WY, for Plaintiff–Appellee.

Kenneth Hoon, Florence, CO, pro se.

Before KELLY, ANDERSON, and BACHARACH, Circuit Judges.

## ORDER

ROBERT E. BACHARACH, Circuit Judge.

Mr. Kenneth Hoon was convicted in federal court on drug charges and sentenced to 151 months' imprisonment. After unsuccessfully appealing, Mr. Hoon filed a motion to vacate the sentence under 28 U.S.C. § 2255, and the district court denied his motion as untimely. Mr. Hoon seeks a certificate of appealability to appeal the district court's order, alleging reliance on *Alleyne v. United States,* — U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013). According to Mr. Hoon, *Alleyne* involved a new rule of constitutional law, creating an exception to the limitations

period. Mr. Hoon's argument would be rejected by any reasonable jurist because it is grounded on a misconception of § 2255. Thus, we decline to issue a certificate of appealability and dismiss the appeal.

## Standard for a Certificate of Appealability

To appeal, Mr. Hoon needs a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). To obtain the certificate, Mr. Hoon must show that reasonable jurists could find the district court's decision on timeliness debatable or wrong. *See Laurson v. Leyba,* 507 F.3d 1230, 1232 (10th Cir.2007).

## Timeliness and 28 U.S.C. § 2255(f)(3)

A one-year period of limitations exists. 28 U.S.C. § 2255(f) (2012). This period ordinarily starts when the conviction became final. *Id.* § 2255(f)(1). Mr. Hoon's conviction became final 90 days after the termination of his appeal. *See United States v. Burch,* 202 F.3d 1274, 1279 (10th Cir.2000). Therefore, the limitations period would ordinarily have started in March 2008 and ended in March 2009. But the § 2255 motion was not filed until 2014.

Mr. Hoon seeks to avoid the limitations bar by invoking 28 U.S.C. § 2255(f)(3) (2012). This provision applies when the movant relies on a constitutional rule newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3) (2012).

## The *Alleyne* Decision

In *Alleyne v. United States,* the Supreme Court held that any fact that increases a mandatory minimum is an element that must be decided by the jury. *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2155, 2163–64, 186 L.Ed.2d 314 (2013). By newly recognizing this constitutional right, the Supreme Court's decision satisfies part of § 2255(f)(3). *See In re Payne,* 733 F.3d 1027, 1029 (10th Cir. 2013).[1] But Mr. Hoon must also satisfy the remaining requirement in § 2255(f)(3): the existence of a past holding that the newly recognized constitutional right is retroactively applicable to cases on collateral review.

No court has treated *Alleyne* as retroactive to cases on collateral review. *See United States v. Reyes,* 755 F.3d 210 (3d Cir.2014) (to be published) (holding that *Alleyne* does not apply to cases on collateral review); *In re Mazzio,* 756 F.3d 487, 489–92, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014) (to be published) (same holding); *Susinka v. United States,* —— F.Supp.3d ——, ——, 2014 WL 1998242, at *8 (N.D.Ill. May 14, 2014) (to be published) (same holding); *Barrow v. United States,* 990 F.Supp.2d 76, 77, 81–82 (D.P.R. 2013) (to be published) (same holding). As a result, the district court held that § 2255(f)(3) does not apply.

This holding could not be questioned by any reasonable jurist. Section 2255(f)(3) applies only if a new constitutional rule has been held applicable to cases on collateral review, and no court has treated *Alleyne*

---

1. In *Payne,* we addressed a statutory restriction on second or successive motions under § 2255. *In re Payne,* 733 F.3d 1027, 1029 (10th Cir.2013). This restriction also involves reliance on a new constitutional rule made retroactive to cases on collateral review. 28 U.S.C. § 2255(h)(2) (2012). But the statutory restriction in *Payne* requires acknowledgment

of retroactivity in a Supreme Court decision. *Id.* Unlike that restriction, § 2255(f)(3) does not expressly require a Supreme Court holding on retroactivity. *See United States v. Sanders,* 247 F.3d 139, 146 n. 4 (4th Cir. 2001). We need not decide whether § 2255(f)(3) requires a Supreme Court determination on retroactivity.

as retroactively applicable on collateral review. Thus, § 2255(f)(3) does not apply and all reasonable jurists would conclude that the § 2255 motion was untimely. In these circumstances, we decline to issue a certificate of appealability and dismiss the appeal.